IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CELLTEX THERAPEUTICS CORPORATION, § § § | |
| Plaintiff, § § | |
| v. § | Case No. _____ |
| § | |
| R BIO CO. LTD. and HUMAN BIOSTAR, INC., § § § | |
| Defendants. § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1338, 1441, 1446, and 1454, Defendant/Counter-Plaintiff R Bio Co. Ltd. f/k/a K-Stemcell Co., Ltd. f/k/a RNL Bio Co. Ltd ("R Bio") gives notice that Cause No. 2017-77293, styled *Celltex Therapeutics Corporation v. R Bio Co. Ltd. And Human Biostar, Inc.*, pending in the 127th Judicial District Court of Harris County, Texas (the "State Court Action") is hereby removed to the United States District Court for the Southern District of Texas, Houston Division. In support of removal, R Bio states the following:

### I. PROCEDURAL AND FACTUAL BACKGROUND

1. On November 17, 2017, Celltex filed suit against R Bio and its co-defendant, Human Biostar, Inc. ("Biostar") (R Bio and Biostar together, "Defendants"), alleging breach of two separate contracts — the Settlement and Release Agreement (the "Settlement Agreement") and the Technology License Agreement (the "TLA") — and seeking a declaratory judgment that: (1) Celltex has no obligation to make a $150,000.00 payment to R Bio as described in the TLA; (2) that Celltex has "no obligation for payment of any royalties to R Bio as provided in Article IV of the TLA *for the reason that it has not generated any revenue using any such technology*;" and

(3) that Defendants have no right, notwithstanding provisions to the contrary in Article IV of the TLA, to audit Celltex's financial records.[1]

2. On November 21, 2017, Celltex filed its First Amended Original Petition, requesting a declaratory judgment "determining and declaring that it has no obligation for the payment of any royalties as provided in Article IV of the [TLA] *for the reason that it has not generated any revenue using any such technology*."[2] Further, Celltex again represented that it "*has never generated any revenue by utilizing the stem cell technology which was licensed to it by R Bio for the primary reason that it never received that technology*."[3]

3. The parties entered into a Rule 11 agreement on December 20, 2017, wherein R Bio and Biostar waived the necessity of service of citation of Plaintiff's First Amended Original Petition, and Celltex agreed to grant extensions to the Defendants with respect to their answer and initial discovery response deadlines.[4] Defendants timely answered on March 2, 2018.[5]

4. On March 14, 2018, Defendants filed First Amended Answer, Special Exceptions, and Original Counterclaims.[6]

5. Although Celltex has denied using R Bio's stem cell technology in its pleadings in this case, Celltex has served written responses to discovery that suggest otherwise. On May 10, 2018, Celltex served its Objections and Responses to Defendants' First Set of Interrogatories, First Request for Admissions, and First Request for Production. In its reply to Request for Admission

---

[1] Ex. B.2 (emphasis added).

[2] Ex. B.5 at ¶ 18 (emphasis added)

[3] *Id*. at ¶ 15 (emphasis added).

[4] Ex. B.10.

[5] Ex. B.12.

[6] Ex. B.14.

No. 1, Celltex admitted that, despite its earlier assertions to the contrary, it likely used R Bio's intellectual property, which is defined as "Stemcell Technology"[7] in the TLA:

> REQUEST FOR ADMISSION NO. 1:   Admit that you used the Stemcell Technology at any time from the corporate inception of Celltex in or about March 2011 to the present date on which you serve these discovery responses.
>
> **RESPONSE:   …at a point in time after Mr. Park, a former R Bio employee, became employed by Celltex, he made the media used in the culturing of stem cells.  Celltex can only assume, but cannot be sure, that in doing so, Park may have used Stemcell Technology that he had acquired while working at R. Bio.**

6. As set forth in the TLA, the definition of "Stemcell Technology" specifically includes the "patents and patent applications . . . filed or received related to date in the United States," including but not limited to U.S. Patent No. 7,7,807,461 (the "461 Patent") and U.S. Patent No. 8,808,682 (the "682 Patent").

7. On June 8, 2018, Defendants filed their Fourth Amended Original Answer and Counterclaims, which included a counterclaim for patent infringement by R Bio against Celltex.[8]

---

[7] "Stemcell Technology" is a defined term in the TLA (wherein the predecessor of R Bio itself is referred to as "Stemcell") as follows:

> ""Stemcell Technology" shall mean collectively:
>
>   i. The patent and patent applications Stemcell[7] filed or received related to stem cells to date in the U.S., Canada, and Mexico and any divisions, substitutions, continuations, continuations-in-art, reissues, renewals, reexaminations, and any and all foreign patents, and patent applications issues by the patent authorities in the U.S. Canada, and Mexico.
>
>   ii. Know-how, trade secrets data and information directly related to the patent rights above that originated with Stemcell and is not otherwise common knowledge or publicly available.
>
>   iii. All stem cell technology in Celltex's possession upon signing of this Agreement that originated with Stemcell and is not otherwise common knowledge or publicly available.
>
>   iv. All information in Stemcell's possession necessary for the manufacture of the cosmetic products currently sold under the names Dr. Jack and Cellure, which shall be delivered at the time of execution of the Amended License."

[8] Ex. B.26.

## II.     JURISDICTIONAL BASIS FOR REMOVAL

**A.     FEDERAL QUESTION JURISDICTION**

8.     This Court has original and exclusive jurisdiction over R Bio's infringement counterclaim under 28 U.S.C. § 1338.  R Bio has asserted a counterclaim for patent infringement against Celltex.  Exhibit B.27.   R Bio's patent infringement counterclaim makes this entire action removable under 28 U.S.C. § 1454, which provides that a civil action is removable if "any party asserts a claim for relief arising under any Act of Congress relating to patents."  28 U.S.C. § 1454(a); *see also* 28 U.S.C. § 1441(c)(1).  Further, all claims arising under federal patent law are removable, regardless of who has asserted them. Section 1454 was "intended to provide federal courts . . . with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent laws even when asserted in counterclaims, rather than in an original complaint." *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015) (emphasis in original).  Under § 1454, "a defendant with a patent . . . counterclaim is no longer bound by a plaintiff's well-pleaded state law complaint to litigate in state court." *Donohue v. Tokyo Electron America, Inc.*, 42 F.Supp.3d 829, 834, 2014 WL 12479285, at *3 (W.D. Tex. 2014).

9.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining claims and counterclaims because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.§ 1367(a). All such claims are based on the same nucleus of operative facts as the patent infringement claim filed by R Bio against Celltex. 28 U.S.C. § 1367. "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).  "[T]his does not mean that all of the facts applicable to the federal claim must also apply to the state claim.  Section 1367(a) is generally

satisfied by a 'loose factual connection' between the two claims." *Lucarino v. Con-Dive, LLC*, 2010 WL 786546 (S.D. Tex. 2010) (Rosenthal, J.) (citing *Mendoza*).

10.     This Court has supplemental jurisdiction over all claims in this case because much more than a "loose factual connection" exists between them.  All remaining claims in the State Court Action, consisting of the parties' claims against each other for breaches of the Settlement Agreement and TLA agreements, relate to the patented technology, and are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  R Bio's patent infringement counterclaims are intertwined with Defendants' counterclaims and with Celltex's declaratory judgment and breach of contract claims against Defendants because they all arise out of the same nucleus of operative facts.  *See* 28 U.S.C. § 1367.  Celltex accuses Defendants of breaching the Settlement Agreement and TLA agreements and requests declaratory judgment that Celltex has no duties and obligations to Defendants under those agreements.  R Bio's patent counterclaims arise from Celltex's use of the "Stemcell Technology," which by definition includes the '461 Patent and the '682 Patent.  Simply put, R Bio's patent infringement and Defendants' breach of contract counterclaims arise out of the same occurrences or nucleus of operative facts that serve as the basis for Celltex's complaint against Defendants — the Settlement Agreement and TLA and Celltex's interests in and use of Defendants' "Stemcell Technology."

11.     Accordingly, there are no claims in the State Court Action that the Court must remand pursuant to 28 U.S.C. § 1454(d)(1), nor are there any claims in the State Court Action that this Court may remand pursuant to 28 U.S.C. §§ 1367(c) or 1454(d)(2).

**B.     TIMELINESS OF REMOVAL**

12.     This case has been timely removed pursuant to 28 U.S.C. §§ 1446(b) and 1454.  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within

thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. §1446(b). Celltex served its discovery responses and documents on May 10, 2018, and Defendant files this Notice on June 8, 2018, which is within 30 days after receipt of those discovery responses."[9] 28 U.S.C. § 1446(b)(1), (3); *see* 28 U.S.C. § 1454.

13. The methods described in the patents in suit are performed internally by Celltex at its facility and/or in its laboratories. The question of infringement depends on how Celltex performs those internal processes. The records, documents, protocols, and lab reports that would show infringement are kept and maintained by Celltex. These documents are not publicly available. During the course of the State Court Action, Celltex has claimed that it has not used the Defendants' stem cell technology, which, if true, would mean that it has not infringed the patents in suit. When Celltex responded to discovery on May 10, 2018, it did not provide full, complete or candid responses to the requests made, but it did provide some evidence and make some disclosures suggesting that it has in fact infringed the patents in suit and likely has been doing so continuously.

---

[9] As set forth above, R Bio timely removed the State Court Action to federal court under 28 U.S.C. §§ 1446(b) and 1454. Section 1454 does allow a court to extend the deadlines under 28 U.S.C. § 1446 "any time for cause shown." *See* 28 U.S.C. § 1454 (providing that the "time limitations contained in Section 1446(b) may be extended at any time for cause shown.") In the alternative and without waiver of the foregoing, and if necessary, R Bio requests that the Court find there is "cause shown" for filing of the notice of removal within 30 days receipt of Celltex's discovery responses and grant R Bio leave to file its such notice. 28 U.S.C. § 1454(b)(2). *See Donahue*, 42 F.Supp.3d at 839, 2014 WL 12479285, at *7 (concluding defendant had shown "good cause" under § 1454 based on its findings that there was minimal possibility of prejudice if the counterclaims were removed to federal court; that the length of delay had been minimal; that the case was not one where defendants had litigated extensively in state court; and that "Congress, in enacting §1454, sought to make removal of patent . . . claims easier in an effort to create uniformity in these bodies of law.").

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

#### A. THE STATE COURT PLEADING AND PAPERS

14. Pursuant to Local Rule 81, an index of all matters being filed is attached hereto and incorporated herein as **Exhibit "A"**.

15. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all executed process, pleadings, answers, orders signed by the state judge, and a copy of the docket sheet are attached hereto and incorporated herein as **Exhibit "B"**.

#### B. CONSENT FOR REMOVAL

16. All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. 28 U.S.C. § 1446(b)(2)(A); *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150-51 (11th Cir. 2009); *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004). Defendant Human Biostar, Inc. has consented to this removal, as evidenced by the Unsworn Declaration of Hokyeom Kim, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "C"**.

#### C. OTHER PROCEDURAL MATTERS

17. Pursuant to Local Rule 81, a list of all counsel of record is attached hereto and incorporated herein as **Exhibit "D"**.

18. Pursuant to 28 U.S.C. § 1446(d), written notice of removal shall be given to all adverse parties and will be filed with the District Clerk for the 127th Judicial District Court of Harris County, Texas. A copy of the notice provided to the state court is attached hereto and incorporated herein as **Exhibit "E"**.

19. Venue is proper before this Court because this is the district and division in which the State Court Action is pending. And venue would be appropriate in this district under the

applicable patent venue rules because Celltex resides in this district. Accordingly, this case is properly removed to this Court under 28 U.S.C. § 1446(b).

20. Plaintiff Celltex has not demanded a jury in the underlying State Court Action.

## IV. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSDIERED, pursuant to and in accordance with 28 U.S.C. § 1446, Defendant/Counter-Plaintiff R Bio Co. Ltd. f/k/a K-Stemcell Co., Ltd. f/k/a RNL Bio Co. Ltd. hereby removes this action from the 127th Judicial District Court of Harris County, Texas to this Court.

DATED: June 8, 2018.   Respectfully submitted,

**STACY & BAKER, P.C.**

By:*/s/Chris A. Stacy*
 Chris A. Stacy
 Federal Admission No. 1779
 chris.stacy@stacybakerlaw.com
 Brian A. Baker
 Federal Admission No. 1829620
 brian.baker@stacybakerlaw.com
 Douglas S. Friedman
 Federal Admission No. 3132107
 doug.friedman@stacybakerlaw.com
1010 Lamar Street, Suite 550
Houston, Texas 77002
Ph: 713-527-9991 | Fx: 713-527-9992

**TOUGH LAW FIRM, PLLC**

By: */s/Bruce C. Tough*
 Bruce C. Tough
 Texas Bar No. 20151500
 Fed Adm ID No. 513
 819 Crossbridge
 Spring, Texas 77373
 Email: btough@toughlawfirm.net
 Tel. (281) 681-0808
 Fax. (281) 681-0809

**ANDERSON & CUNNINGHAM, P.C.**

*/s/David K. Anderson*
David K. Anderson
david@andersonlawfirm.com
SBT No. 01174100
SDT No. 7405
julie@andersonlawfirm.com
SBT No. 05240700
SDT No. 15051
Four Houston Center
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-655-0260

**ATTORNEYS FOR R BIO CO. LTD. AND HUMAN BIOSTAR, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically pursuant to Local Rule 5 and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule 5 via the Court's CM/ECF on this 8th day of June 2018.

*/s/Brian A. Baker*
Brian A. Baker